**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

PAUL QUINN COLLEGE,   )
           )
    Plaintiff,   )
           )
v.          )  CIVIL ACTION
           )  NO. 1:09-CV-2327-WSD
THE SOUTHERN ASSOCIATION OF )
COLLEGES AND SCHOOLS   )
COMMISSION ON COLLEGES, INC., )
           )
    Defendant.   )

## CONSENT PROTECTIVE ORDER

Plaintiff Paul Quinn College ("PQC") and Defendant Southern Association of Colleges and Schools ("SACS") (collectively, "the Parties") have consented to prohibit the disclosure of certain confidential and sensitive information and documents that may be produced in discovery or otherwise made available to the parties. Therefore, pursuant to Federal Rule of Civil Procedure 26(c) it is hereby ORDERED:

1. "Protected Information" means a trade secret or other confidential research, development, commercial or financial information properly labeled and designated as such by the party (or non-party) producing it in discovery. By way of example, and not by limitation, such information includes tax returns, financial statements, financial projections, audits, business

information not in the public domain, and financial and business information related to institutions and parties not involved in this action. Protected Information does not mean business and financial information in the public domain.

2.    Protected Information, as defined in this Protective Order, shall be used only for the conduct of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except the following "Qualified Persons":

   a.    the Court and court personnel (including the court having jurisdiction over any appeal);

   b.    court reporters used in the litigation;

   c.    any person who (i) wrote or received the Protected Information before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the Protected Information before it was furnished in this litigation;

   d.    any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter;

   e.    employees of outside copying, document imaging, and facsimile services;

   f.    counsel of record or in-house counsel for the parties and secretaries, paraprofessional assistants, and other employees or agents of such counsel in connection with this matter;

g.      the parties, including their employees, agents and representatives;

h.      outside experts or consultants whose advice and consultation are being or will be used by the parties in connection with preparing for litigation, and the staffs of such experts or consultants;

i.      any person identified in the Parties' disclosures or interrogatory answers as being a person with knowledge of relevant facts; and

j.      witnesses or deponents in the course of this litigation.

3.      Disclosure shall be made to persons identified in subparagraphs (g) (h) and (i) above only as necessary for litigation, and only after the person to whom disclosure is made has been informed of the Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgement attached to this Protective Order as **Attachment A.** The terms of this Protective Order shall be explained to such persons by the persons disclosing the confidential material or information that it contains. The executed acknowledgement shall be retained by counsel disclosing the confidential material or information. Protected information shall not be disclosed to any person in any manner not specified in this Protective Order.

4.      The showing, making available, or communicating of Protected Information in any way to a deponent in the course of this litigation shall not be considered a waiver of the confidentiality or protected status of the document, material or other information so designated. The transcript of any

deposition taken in the course of this litigation in which Protected Information is shown, made available or communicated shall be marked with the word **"CONFIDENTIAL"** and the deposition transcript shall become Protected Information subject to the provisions of the Order.

5.    A party designating information as Protected Information shall do so by marking each page that contains such Protected Information with the word **"CONFIDENTIAL."**   In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copy or copies that are produced or exchanged.

6.    Designation of information as Protected Information is not determinative of whether the designation is appropriate.  If a party seeks to challenge the designation on the ground that such protection is not warranted under controlling law, the following procedure shall be utilized:

> a.    The party or person challenging the designation shall give counsel for the designating party notice, in writing, specifying the documents or information for which the designation is challenged and the reason for the challenge;

> b.    If agreement cannot be reached, the party designating the information protected shall, within fifteen days of receipt of that notice, file and serve a motion seeking the protection of this information.  The designated material shall remain confidential until the issue is resolved by the Court or by agreement of the parties;

      c.      On any such motions arising out of the designation of any material as Protected Information, the burden of justifying the designation shall lie with the designating party.

7.      If Protected Information is submitted to the Court, it shall be filed under seal, with a cover page containing the caption, civil action file number and title of the document, and a legend stating **"Confidential – Filed Under Seal Pursuant to Protective Order."** If a brief or other paper containing Protected Information is filed with the Court, a redacted copy without the Protected Information shall be made available for the public court file.

Pursuant to the Court's Standing Order Regarding Civil Litigation, the following language is required in any consent confidentiality order:

> Any document, material or other information designated as entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period the party designating the information as protected may move the Court to continue the protected status of the information by submitting to the Court a request for continued protection. The request must be accompanied by a copy of the document, material or information for which continued protection is requested. The opposing party shall not be permitted to file a response to the request. The Court will review, *in camera,* the information for which continued protection is requested to determine if continued protection will be allowed.

A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera,* to determine if the information is entitled to continued protection.

No document, material or other information may be filed under seal without an Order of the Court granting continued protection for the document, material or information at issue.

8.    This Protective Order may be modified only by order of the Court, consistent with controlling law, the Local Rules of this Court or the Court's Standing Order Regarding Civil Litigation. Until modification is granted by order of the Court, the terms of this Protective Order shall govern. Provisions for the use of such information at trial similarly shall be made by agreement or by pre-trial order governing the use and protection of the record, consistent with controlling law relating to public access to judicial documents.

9.    By entering into this Protective Order, the parties agree that they will not refuse to produce any responsive information in discovery based on a claim of confidentiality. This Protective Order shall not preclude the parties from exercising any right or raising any objection otherwise available to them under the rules of discovery or evidence. This Order has no effect

upon, and shall not apply to the parties' use of their own Protected Information for any purpose.

10.    Failure to designate any information as Protected Information pursuant to this Order shall not constitute a waiver or any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the producing party of all copies of the inadvertently misdesignated documents and the substitution, where appropriate, of properly labeled copies.

11.    If information subject to a claim of attorney-client privilege, the work product doctrine, or other properly invoked privilege, is inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose. The party returning such material may move the Court for an order compelling the

production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstance of inadvertent production.

12.   Nothing contained in this Order shall bar or otherwise restrict any attorney to whom it applies from communication with any individual not authorized to view such Protected Information and, in the course thereof, referring to or relying upon his or her examination of the Protected Information, without relating specific Protected Information.   Such communication shall be limited to the purpose of rendering advice to the attorney's client with respect to this litigation.   This Order shall not be construed to prevent any person, including a Qualified Person, from making use of designated Protected Information that: (a) was lawfully in his or her possession prior to receipt from the supplying party; (b) appears in any published material available to the general public; or (c) was or is hereafter obtained from a source or sources not under an obligation of secrecy to the other party or parties, without fault of the receiving party.

13.   Procedures for introduction or use of Protected Information at trial shall be deferred until the pretrial conference.   However, no later than fourteen days prior to the pretrial conference, counsel proposing to use Protected Information at trial shall furnish to counsel who designate such material as confidential a written specification of the Protected Information

that the party intends to use at trial, and the parties shall in good faith confer on procedures to govern its introduction and use at trial.   If no agreement can be reached, the matter shall be presented to the Court at the pretrial conference.

14.    Within sixty days of the conclusion of this lawsuit, including exhaustion of all appeals, Counsel for each Party shall certify in writing the return or destruction of all items constituting, containing, or reflecting the other Party's Protected Information; provided however, that Counsel may retain one set of documents for their records.

15.    This Order is entered without prejudice to the right of any party to seek modification of this Order.

16.    The parties have agreed to submit this Order to the Court for entry in the above-captioned matter.    In addition, this Order shall serve as a stipulation and agreement between the parties, and shall be effective immediately upon signature by counsel for all parties.

SO ORDERED, this __13th__ day of __January__, 2010.

_____
Hon. William S. Duffey, Jr.
United States District Court Judge